ANTHONY T. CASO, No. 88561
Law Office of Anthony T. Caso
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 386-4432
Facsimile: (916) 307-5164
E-Mail: tom@caso-law.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JODY CLINE and ELITE CANVASSING, INC.,

    Plaintiffs,

v.

CITY OF NAPA, RICHARD MELTON, CHIEF OF POLICE, AARON MEDINA, NAPA POLICE DEPARTMENT, and DOES 1-5,

    Defendants.

Case No.: CV 10 3237

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**DEMAND FOR JURY TRIAL**

Plaintiffs allege as follows:

1. This action is brought pursuant to 42 USC §1983 and other laws to redress deprivation, under color of state and local law, of civil rights guaranteed to plaintiff by the United States Constitution, including the First and Fourteenth Amendments, and California Constitution Article I, § 2.

2. This Court has jurisdiction over this matter pursuant to 28 USC §§1343(a)(3) and (4), which grants this Court jurisdiction over claims made pursuant to 42 USC §1983. Jurisdiction is also appropriate pursuant to 28 USC §1331 because the claims for relief derive from the United States Constitution and federal law. Pursuant to 28 USC §1367(a), this Court exercises pendent jurisdiction over claims arising under the California Constitution.

3. Venue is appropriate in the Northern District pursuant to 28 USC §§1391 since defendants are located in the Northern District and all of the actions alleged took place in this District.

4. Plaintiff filed a tort claim pursuant to California law with defendant CITY OF NAPA on July 22, 2010.

5. Plaintiff JODY CLINE is the owner of ELITE CANVASSING, a California corporation.

6. Plaintiff ELITE CANVASSING is a California corporation that works with local newspapers to gain new readers.

7. Defendant CITY OF NAPA is a municipal corporation within the State of California.

8. Defendant RICHARD MELTON is the Chief of Police for the CITY OF NAPA. In that position, RICHARD MELTON sets the policy for law enforcement in the city and directs the actions of defendant NAPA POLICE DEPARTMENT. RICHARD MELTON is sued in both his individual and official capacities.

9. AARON MEDINA is an officer in the NAPA POLICE DEPARTMENT. AARON MEDINA is sued in both his official and individual capacities.

10. Defendant NAPA POLICE DEPARTMENT is an agency of the CITY OF NAPA.

11. The true names and identities of DOES 1-5 are unknown at this time. On information and belief, DOES 1-5 acted to implement and enforce the policies described below. At the time they took those actions, clearly established law had already determined that similar actions violated rights guaranteed by the First and Fourteenth Amendments to the United States Constitution. DOES 1-5 are sued in their individual and official capacities.

12. Since the founding of this nation, newspapers have played a vital role in supporting the cause of liberty and preserving democracy. The United States Supreme Court has recognized the role of newspapers in our system of government on numerous occasions. Indeed, Freedom of the Press was viewed as such an essential ingredient in the liberties sought to be preserved by the new Constitution that it was included as part of the very first amendment to the nation's charter.

13. Even in the Internet Age, newspapers continue to play a vital role in maintaining an informed citizenry. Although there are now numerous channels of information on national and international events, newspapers remain the primary source of in-depth coverage of local government and regional issues.

14. Newspapers cannot serve this purpose, however, without readers. The function of the newspaper is to communicate the events of significance to the population most affected by those events. It is for this reason that attempts to restrict the delivery of newspapers is viewed with special skepticism under the state and federal constitutions.

15. JODY CLINE and ELITE CANVASSING play a special role in helping connect local newspapers to local readers. Working with local newspapers, ELITE CANVASSING contracts with crews to meet with individual residents in cities throughout Northern California to offer the opportunity for those residents to receive regular deliveries of their local newspapers. ELITE contractors go door-to-door to distribute a copy of the day's local newspaper and offer residents an opportunity to receive that newspaper with reports on local government and regional issues on a daily basis.

16. ELITE CANVASSING works directly with the Vallejo Times Herald, a newspaper that has served Napa and Solano Counties for more than 135 years. ELITE CANVASSING contractors seek to distribute copies of the current day's Vallejo Times Herald to residents of Napa. ELITE CANVASSING also seeks to offer the opportunity to residents to receive the Vallejo Times Herald on a daily basis so Napa residents can receive current, in-depth coverage of regional events and the actions of regional and local elected officials.

17. Defendant CITY OF NAPA, however, imposes prior restraints on the door-to-door distribution of newspapers. Napa City Code § 5.40.020 requires a license before anyone who does not live in Napa may go door-to-door to distribute a newspaper and offer the opportunity to receive the paper on a daily basis. In order to receive this license, each individual must apply to defendant CHIEF OF POLICE, RICHARD MELTON. Section 5.40.040 of the City Code grants the CHIEF OF POLICE discretion to deny the license if he determines that the solicitation is conducted in a manner that is "a menace to the health, safety, or general welfare of the people of the city." This

1 gives the CHIEF OF POLICE complete discretion to determine who may distribute newspapers in the City and what newspapers they may distribute.

18. On information and belief, RICHARD MELTON, AARON MEDINA, and DOES 1-5 expressly targeted the activities of JODY CLINE and ELITE CANVASSING for enforcement of Napa City Code § 5.40.020. Officers of the NAPA POLICE DEPARTMENT were directed to search out contractors working with ELITE CANVASSING and to exclude them from the city. Officers were further directed to issue citations to contractors working with ELITE CANVASSING and to threaten them with arrest and detention until they left the city limits.

19. On or about February 5, 2010, Officer AARON MEDINA, an employee of the NAPA POLICE DEPARTMENT, stopped and detained Lamar Francis, an employee of a contractor working with ELITE CANVASSING to distribute the Vallejo Times Herald. Pursuant to the policy set by defendant RICHARD MELTON and pursuant the CITY OF NAPA ordinance, Officer MEDINA issued a citation to Lamar Francis. The citation carried a fine of $450.00.

20. JODY CLINE contacted Officer AARON MEDINA to contest the citation and the actions of the NAPA POLICE DEPARTMENT. JODY CLINE explained that his actions and those of ELITE CANVASSING and its contractors were protected under the First Amendment to the United States Constitution. JODY CLINE asked Officer AARON MEDINA to cease his harassment of ELITE CANVASSING and its employees. In response, Officer AARON MEDINA refused to consider the First Amendment rights of JODY CLINE, ELITE CANVASSING, and their contractors. Instead, Officer AARON MEDINA promised he would issue citations to every member of every crew of contractors working with ELITE CANVASSING and JODY CLINE that attempted to enter the CITY OF NAPA for the purpose of distributing the Vallejo Times Herald to city residents and offering an opportunity to those residents to receive the Vallejo Times Herald on a regular basis.

21. The rights to distribute newspapers door-to-door and to invite potential customers to receive the newspaper on a daily basis is well-established in the law. In 1969, the Supreme Court rejected an ordinance that allowed city officials to deny a parade permit if, in their judgment "the public peace, safety, health, decency, good order, morals or convenience require" denial.

1  *Shuttlesworth v. Birmingham*, 394 U.S. 147, 149-150 (1969). These precedents have been applied to
2  the sale of newspapers since at least 1988. *City of Lakewood v. Plain Dealer Publishing Co.*, 486
3  U.S. 750, 772 (1988). In *Lakewood*, the Court ruled that such licensing schemes were subject to
4  facial attack and that there was no need to first apply for a license. *Id.*

**FIRST CAUSE OF ACTION**
(42 USC §1983 – Violation of Freedom of Speech and Press in violation of the
First and Fourteenth Amendments to the United States Constitution)

22. Plaintiffs restate and incorporate the allegations of paragraphs 1-20, inclusive.

23. The requirement for every employee of ELITE CANVASSING to obtain a license and the authorization for the Chief of Police to deny that license at a whim imposes a prior restraint on JODY CLINE and ELITE CANVASSING in their efforts to distribute copies of the current edition of the Vallejo Times Herald and offer residents the opportunity to receive the Vallejo Times Herald on a daily basis.

24. As a result of defendants' actions, plaintiffs have suffered and will continue to suffer irreparable injury unless the Court acts to enjoin the illegal actions described herein.

25. Unless restrained by order of this Court, defendants will continue to enforce Napa City Code § 5.40.020, *et seq.* and will continue to target plaintiffs for arrest, detention, and/or citation.

**SECOND CAUSE OF ACTION**
(42 USC §1983 – Violation of Freedom of Speech and Press in violation of the
First and Fourteenth Amendments to the United States Constitution)

26. Plaintiffs restate and incorporate the allegations of paragraphs 1-20, inclusive.

27. Defendants are targeting ELITE CANVASSING and JODY CLINE, and the contractors working with them, for harassment based on the exercise of their First Amendment rights. As a result, plaintiffs have suffered damages in an amount that cannot be determined.

28. On information and belief, defendant MELTON and DOES 1-5, undertook these actions with oppression, malice, spite, and ill-will toward plaintiffs, and acted in intentional and reckless disregard of plaintiffs' rights under the Constitution. As a consequence plaintiffs are entitled to recover compensatory, special, and exemplary damages according to proof.

//

**THIRD CAUSE OF ACTION**
(Violation of Freedom of Speech and Press Guaranteed by
California Constitution, Article I, §2)

29. Plaintiffs restate and incorporate the allegations of paragraphs 1-20, inclusive.

30. The requirement for every employee of every contractor that works with ELITE CANVASSING to obtain a license and the authorization for the Chief of Police to deny that license at a whim imposes a prior restraint on JODY CLINE and ELITE CANVASSING, and the contractors that work with them, in their efforts to distribute copies of the current edition of the Vallejo Times Herald and offer residents the opportunity to receive the Vallejo Times Herald on a daily basis.

31. As a result of defendants' actions, plaintiffs have suffered and will continue to suffer irreparable injury unless the Court acts to enjoin the illegal actions described herein.

32. Unless restrained by order of this Court, defendants will continue to enforce Napa City Code § 5.40.020, *et seq.* and will continue to target plaintiffs for arrest, detention, and/or citation.

WHEREFORE, plaintiff prays for relief against defendants, and each of them, as follows:

1. For a preliminary and permanent injunction restraining CITY OF NAPA, RICHARD MELTON, AARON MEDINA, the NAPA POLICE DEPARTMENT, and DOES 1-5 from enforcing any current licensing requirements on the activities of JODY CLINE and ELITE CANVASSING, and the contractors that work with them, in distributing newspapers to the residents of Napa and offering those residents the opportunity to receive the newspaper on a regular basis;

2. For a preliminary and permanent injunction restraining CITY OF NAPA, RICHARD MELTON, AARON MEDINA, the NAPA POLICE DEPARTMENT, and DOES 1-5 from enforcing any licensing requirements on the activities of JODY CLINE and ELITE CANVASSING in distributing newspapers to the residents of Napa and offering those residents the opportunity to receive the newspaper on a regular basis, that grants the Chief of Police or any other city official the power to deny a license on his view that the distribution would constitute a menace to the public health, safety, or general welfare of the people of the City;

3. For general damages in an amount that has not been ascertained but which are estimated to exceed $50,000;

4. For exemplary damages of not less than $50,000;

5. For costs of suit and reasonable attorneys fees; and

6. For such other relief as the Court deems just and proper.

DATED: July 22, 2010.

                                            Respectfully submitted,

                                            Law Office of Anthony T. Caso
                                            ANTHONY T. CASO

                                            Attorney for Plaintiffs

Complaint for Violation of Civil Rights

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial in this matter.

DATED: July 12, 2010.

                                          Respectfully submitted,

                                          Law Office of Anthony T. Caso
                                          ANTHONY T. CASO

                                          Attorney for Plaintiffs